UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                    Case No. 3:91-cr-725

               Plaintiff,

     v.                                                MEMORANDUM OPINION
                                              AND ORDER

Gregory A. Trala,

               Defendant.


## I.    BACKGROUND

On December 15, 2020, Gregory A. Trala filed a motion for expungement, *pro se*, to request

expungement of his July 11, 1991 conviction.  (Doc. No.  2).  As the basis for his request, Mr. Trala

asserts he has successfully completed his sentence, assisted the government with other

investigations, maintained gainful employment, and has not had any further criminal convictions

over the past 30 years.  (*Id.*).  The government opposed Mr. Trala's motion, arguing this Court lacks

jurisdiction to grant the requested relief.  (Doc. No. 4).

## II.    ANALYSIS

Federal courts are courts of limited jurisdiction and as such, their jurisdictional authority is

limited to that granted by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994).  To entertain a motion to expunge, I must find the authority to provide

the requested relief under either a statute or the doctrine of ancillary jurisdiction.  *See United States v.*

*Lucido*, 612 F.3d 871, 874 (6th Cir. 2010).  "The party moving to expunge has the burden of

establishing a federal court's jurisdiction." *United States v. Fourtounis*, No. 1:10-CR-90, 2018 WL 6267757, at *1 (N.D. Ohio Nov. 30, 2018).

Certain federal statutes explicitly permit the expungement of criminal records under limited circumstances. *Lucido*, 612 F.3d. at 874. *See, e.g.*, 18 U.S.C. § 3607(c) (expungement of record in certain cases involving drug possession); 10 U.S.C. § 1565(e) (expungement of DNA records upon overturning military conviction); 42 U.S.C. § 14132(d) (expungement of DNA records in certain cases upon overturning). Mr. Trala has not requested expungement under any specific statutory scheme.

Courts have also recognized jurisdiction over expungement in cases involving claims of unconstitutional arrest or conviction. *See, e.g., United States v. Carey*, 602 F.3d 738, 739 (6th Cir. 2010) (acknowledging district courts jurisdiction over constitutional claims in support of expungement); *United States v. Robinson*, 79 F.3d 1149, 1996 WL 107129, at *2 (6th Cir. 1996) (table) (noting invocation of expungement powers for illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct). Mr. Trala does not assert a constitutional basis for his request for expungement.

The only remaining means by which I may grant the requested relief is under ancillary jurisdiction. Ancillary jurisdiction allows a federal court to exercise jurisdiction over proceedings which are related, but technically separate from, the original proceedings over which the court had subject-matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). But in the context of motions to expunge, exercise of such jurisdiction is rare and will not apply when the motion to expunge raises purely equitable considerations. *Field*, 756 F.3d at 915-16; *United States v. Belfer*, No. 1:62-CR-321, 2018 WL 3374069, at *2 (N.D. Ohio July 11, 2018).

Yet, Mr. Trala's motion does just that. He asserts his extensive cooperation and good conduct over the past 30 years warrants expungement of this conviction. While that may be so, and

I certainly commend him for the good work he has done, regrettably it does not confer upon me the authority to grant the requested relief.  As Mr. Trala has raised only equitable considerations in his motion to expunge, I deny his motion for lack of jurisdiction.  *See, e.g., Lucido*, 612 F.3d at 875-76; *United States v. Tippie*, No. 3:08CR288, 2013 WL 4782370 (N.D. Ohio Aug. 12, 2013) *United States v. Barrow*, No. 93-CR-81042, No. 08-CV-10111, 2009 WL 3059154, at *12 (E.D. Mich. Sept. 24, 2009).

## III.  CONCLUSION

For the foregoing reasons, Mr. Trala's motion to expunge is denied.  (Doc. No. 2).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge